THE UNION TRUST COMPANY OF ALBANY, N. Y., Plaintiff, *v.* LAURA T. WOOD and Others, Defendants.

Third Department, January 9, 1917.

**Will construed — declared intention of testator to effect equality among children — exclusion of stepson because of prior advancements — subsequent codic`l making gift from part of residuary estate — provision that corpus be returned to residuary estate.**

Where a testator, having made certain special legacies, for the declared purpose of effecting an equality among his children, gave the remainder of his estate to be divided between them share and share alike, the

children of deceased children to take *per stirpes*, and expressly stated that no gift was made to a stepson because he had already received more than was devised or bequeathed to any other child, and, by a subsequent codicil, he left the income of a specific sum of money to a daughter-in-law, the "income or interest of said sum to cease on her death and to revert to my estate or to my heirs," the descendants of the stepson to whom no gift was made in the body of the will are not entitled to share in the sum mentioned in the codicil on the death of the beneficiary.

This, because the will and the codicil must be read together in determining the intent of the testator, who expressed a desire to effectuate an equality among his children, and it must be assumed that the gift made by the codicil was taken from the residuary estate created under the original will.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*E. W. & E. E. Rankin,* for the plaintiff.

*Ephraim Williams,* for the defendant Laura T. Wood.

*Martin T. Nachtmann,* for the defendants Elizabeth Clark and others.

KELLOGG, P. J.:

The testator left four children him surviving. After making various dispositions and special legacies for the declared purpose of equality among his children, he, by the 6th item of the will, gave the remainder to his five children "to be divided equally between them share and share alike, the child or children of any deceased child to take the share which his, her or their parent would have taken had he or she been living." Such provision, however, was subject to certain exceptions and limitations relative to the shares of Samuel, Thomas and Elizabeth. From the share of Samuel $3,000 was to go to his wife Anna and the heirs of her body, subject to the limitation and restriction that if she left no heirs of her body he directs said sum to "be divided among my heirs at law then living as portion as the residuary part of my estate." The share of Thomas was given to his executors in trust. If Thomas, who apparently was incompetent, should regain his health and be able to manage his own affairs, then the principal might be paid to him; but if he dies without issue and without having regained

his health, his share "shall revert to the residuary portion of my estate." Thomas did not regain his health and left no children him surviving.

The share of Elizabeth was given to her for life only, and the executors were to keep it invested and pay the income to her. The will then provides: "I deem it here proper to remark that this my will is made without devise or bequest to my stepson Charles G. Clark, he having already received more than I have devised or bequeathed to any one child, my object in this my will being to do justice to all concerned."

Without referring to clauses and conditions which are not now important, it results that Thomas and Elizabeth in effect had life estates only in one-fourth of the residuary estate, and that Samuel and Bradford each owned one-half of the residuary estate, subject to such life estates.

The question here arises under the last codicil to the will, by which the use of $5,000 was given to his daughter-in-law Elizabeth, "said use, income or interest of said sum to cease on her death and to revert to my estate or to my heirs."

Laura T. Wood was the only child of Samuel Wood and succeeded to his interest in the residuary estate, and under the will of Bradford, the younger, she is entitled to one-seventh of his interest in said estate, and the children of Charles G. Clark are entitled to the remaining six-sevenths. The defendants Clark are the descendants of Charles G. Clark, the stepson of the testator mentioned in the will.

Said Elizabeth, the daughter-in-law, having died, this controversy arises as to the manner in which the said $5,000 is to be distributed. Laura T. Wood claims it belongs to her; the defendants Clark claim that Laura T. Wood is entitled to only forty-seventy-seconds, or five-ninths thereof, and that the remainder belongs to them.

The will and the codicils must be read together, as far as may be, and effect given to them according to the fair intent of the testator as appears from them and the surrounding circumstances. Upon the death of the testator, the residuary estate vested in the beneficiaries, subject, however, to the limitations and conditions mentioned in the will. In construing the provision in the codicil giving the life use of the $5,000 to Eliza-

beth, the daughter-in-law, we must assume that it is taken from the residuary part of the estate and that the testator evidently intended that the gifts of the residuary estate should be subject to that provision. The direction that the use to Elizabeth is to cease on her death " and to revert to my estate or to my heirs " evidently was intended by him to mean that the fund should revert to the place from which it was taken. It was not intended that a part of it might go absolutely to the incompetent son who had been given nothing outright, or to the daughter who had only been given a life interest in the residuary estate; but it was to return into the residuary estate, and if the incompetent son or the daughter were then living, they would respectively get the income from one-quarter of the part which was returned to the estate. If we should construe the language used as giving this $5,000 to the heirs, it would not be in harmony with the other provisions of the will. We have seen what interests the testator's children take under the will, and in construing the codicils we must remember that the most favorable provision for any of the children does not equal the benefits which the stepson had previously received, and the spirit of the will was equality. The testator, after having established that equality, did not mean by the codicil to take $5,000 from the residuary estate, which represented his judgment of equality, and turn it in other directions which might result in giving a greater preference to the stepson than he had previously received.

It follows that the $5,000 is now to be treated as a part of the residuary estate, with the same effect as though it never had been taken therefrom, with the result that Laura T. Wood succeeds to her father's one-half interest therein, and under the will of Bradford Wood, the younger, she is also entitled to one-seventh of his interest in said fund, making her interest in the fund in controversy four-sevenths thereof. The descendants of Charles G. Clark, under the will of Bradford Wood, the younger, take six-sevenths of his interest in said fund, which makes them the owners of three-sevenths of the fund now in controversy.

We also conclude that the accounts attached to and forming a part of the submission are correct in form and substance, and

that there is now on hand for distribution $5,018.75 subject to the commissions of the plaintiff, as trustee, which are hereby fixed at the sum allowed by statute to an executor as commissions upon such a sum. Taxable costs, including an additional allowance of $100, are awarded to the plaintiff, to Laura T. Wood and to the defendants Clark, to be paid from said fund.

Judgment is directed accordingly.

All concurred; HOWARD, J., not being a member of the court at the time of the decision; SEWELL, J., not sitting.

Account settled and distribution directed.